NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIRK CALKINS<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF SEATTLE; CHRISTOPHER LUEDKE; ELIZABETH SHELDON; GREEN WAY HOMES, a Washington Limited Liability Company; VASILI IALANJI; GENE IALANJI,<br><br>    Defendants - Appellees. | No. 24-7708<br><br>D.C. No.<br>2:23-cv-01607-RSM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted February 11, 2026[**]
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and BUMATAY, Circuit Judges.

Kirk Calkins appeals the district court's orders dismissing his defamation and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

tortious interference claims against Green Way Homes, Vasili Ialanji, and Gene Ialanji (the "Builder Defendants") and granting summary judgment for the City of Seattle, Christopher Luedke, and Elizabeth Sheldon (the "City Defendants") on his § 1983 First Amendment retaliation, negligent supervision, false light, disability discrimination, and civil conspiracy claims. We affirm.

1. The district court properly dismissed Calkins's claims against the Builder Defendants. Calkins alleges that the Builder Defendants made "demonstrably false statements" to Calkins's supervisors at the Seattle Department of Transportation ("SDOT"). But Washington law clearly provides that any "person who communicates a complaint or information" to a federal, state, or local government agency is "immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization." Wash. Rev. Code. Ann. § 4.24.510. SDOT is a Washington state agency. The complaints against Calkins concerned his conduct while performing his job as an SDOT inspector. The behavior of an SDOT inspector on the job is certainly of concern to SDOT. The complaints were thus "communicat[ed] to the agency" and involved a "matter reasonably of concern to that agency or organization." Wash. Rev. Code. Ann. § 4.24.510. The Builder Defendants are accordingly "immune from civil liability" for the defamation and tortious interference claims because those claims are "based upon" privileged

communications.

2.  The district court properly granted summary judgment for the City Defendants on Calkins's § 1983 claim.  The settlement agreement Calkins signed with the City of Seattle bars this claim.  *See generally American Safety Cas. Ins. Co. v. City of Olympia*, 174 P.3d 54, 59 (Wash. 2007) ("Washington law strongly favors the public policy of settlement over litigation.").  A First Amendment retaliation claim under § 1983 requires a showing that protected speech was "a substantial or motivating factor in the adverse employment action."  *Burch v. City of Chubbuck*, 146 F.4th 822, 832 (9th Cir. 2025) (simplified).  And the only "protected speech" Calkins points to are Facebook messages he sent in the year 2020.  But his settlement agreement explicitly provides that Calkins "will not refer to, reference, and/or rely on any facts and/or allegations that occurred or became ripe prior to December 14, 2021 in any future complaints or concerns regarding the City."  So Calkins cannot use events from before December 14, 2021—facts that were known to him at the time he entered the settlement agreement—as the basis of his § 1983 claim.  Because this is precisely what he is trying to do, summary judgment for the City Defendants was proper.

3.  Summary judgment for the City Defendants on Calkins's other claims was also proper.  His negligent supervision claim fails because negligent supervision in Washington requires an employee to act outside the scope of his or her employment.

3                                                        24-7708

*See Anderson v. Soap Lake Sch. Dist.*, 423 P.3d 197, 209 (Wash. 2018); 16 Wash. Prac., Tort Law and Practice § 4:8 (5th ed.).  But Calkins's claim focuses entirely on his supervisor's decision to terminate Calkins's employment, and personnel decisions regarding retention, discipline, and termination are all within the scope of a supervisor's employment.  His false light claim fails because it is neither false nor misleading for a supervisor to address accurate reporting with his subordinates.  His disability discrimination claim fails because he has not produced evidence of a nexus between a disability and the conduct that led to his termination.  Finally, Calkin's civil conspiracy claim fails because the underlying unlawful termination claim is not actionable.  *See Wilson v. State*, 929 P.2d 448, 459 (Wash. Ct. App. 1996) (a civil conspiracy under Washington law requires an unlawful purpose or lawful purpose by unlawful means).

**AFFIRMED**